IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEWART LUCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. |
| v. ) | JUDGE: |
| ) | |
| MID-CENTURY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant Mid-Century Insurance Company ("Mid-Century"), by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Rutherford County, Tennessee, Case No. 67625, to the United States District Court for the Middle District of Tennessee (Nashville Division), based on the following:

1. On or about March 24, 2014, Plaintiff filed an Amended Complaint against Mid-Century in the Circuit Court of Rutherford County, Tennessee, Case No. 67625.

2. In that Amended Complaint, Plaintiff alleges that, at times relevant hereto, he was the owner of property located at 114 Laural Hill Drive, Smyrna, Tennessee 37167. *See Amended Complaint* at ¶ 1.

3. Plaintiff further alleges that he renewed or procured a policy of homeowner's insurance bearing Policy Number 92142-16-86 (the "Policy"), from Defendant providing coverage for the subject property, said Policy extending from September 30, 2011 through September 30, 2012. *See Amended Complaint* at ¶ 5.

4. Plaintiff further alleges that, on August 1, 2012, while the Policy was in full force and effect, the property was damaged as a result of sinkhole activity. Plaintiff further alleges that the damage to his property was caused by covered peril under the Policy. *See Amended Complaint* at ¶¶ 8-9.

5. Plaintiff alleges that, on or about November 26, 2012, Defendant denied Plaintiff's claim for coverage under the subject Policy. *See Amended Complaint* at ¶ 12.

6. Plaintiff alleges breach of contract, violations of the Tennessee Consumer Protection Act, fraud and misrepresentation, unfair claim practices, negligence *per se*, and bad faith against Defendant. *See generally, Amended Complaint*.

7. Plaintiff claims an entitlement to "(i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) treble damages; and (vii) any other relief as the Court deems just and appropriate. *See Amended Complaint* at "WHEREFORE" clause.

8. Plaintiff further claims specific entitlement to policy limits of $319,000.00, plus statutory damages of $75,000.00. *See Amended Complaint* at ¶¶ 6, 15, 24, 27, "WHEREFORE" clause at P. 7.

9. 28 U.S.C. § 1332(a)(1) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

10. 28 U.S.C. § 1332(c)(1) provides in pertinent part that a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

11. 28 U.S.C. § 1441(a) provides in pertinent part that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

12. Plaintiff is a citizen of the State of Tennessee, in Rutherford County, Tennessee.

13. Defendant is not a citizen of the state of Tennessee, and is a foreign corporation. Defendant is a corporation organized under the laws of the State of California, and has its principal place of business in Los Angeles, California. Defendant is neither incorporated nor has neither its principal place of business in Tennessee.

14. Plaintiff's claim for damages is for an amount in excess of $75,000.00.

15. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

16. This Notice of Removal is being filed within thirty (30) days of service of the Plaintiffs' Complaint on Defendant, said service occurring on February 27, 2014.

17. A complete copy of the entire record of the Circuit Court of Rutherford County, Tennessee, in Case No.: 67625, properly fileable in federal court is attached to this Notice of Removal as *Exhibit A, Index of Filing*, as required by 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been received by counsel for the Defendant, as filed in the Circuit Court action.

18. Counsel for Defendant has provided a copy of this Notice of Removal to counsel for Plaintiff.

19. In compliance with 28 U.S.C. § 1446(a), Defendant has also provided written Notice of Removal to the Circuit Court of Rutherford County, Tennessee, a copy of which is attached to this Notice of Removal as *Exhibit B.*

WHEREFORE, Defendant Mid-Century Insurance Company, respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Tennessee (Nashville Division).

Date: March 25, 2014

Respectfully submitted,

_____
**Parks T. Chastain**
Registration No. 13744
**E. Jason Ferrell**
Registration No. 24425
**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787
*Attorneys for Defendant*
*Mid-Century Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Notice Of Removal** was served on all counsel and *pro se* parties of record by placing a copy of the same in the U.S. Mail, proper postage affixed, on this 25th day of March, 2014, addressed to the following:

Thomas W. Thompson, Esq.
4725 N. Lois Ave.
Tampa, Florida 33614

_____
E. JASON FERRELL